# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HYDRO ENERGY 1, S.À.R.L., et al., )<br>)<br>Petitioners )<br>)<br>v. )<br>)<br>KINGDOM OF SPAIN )<br>)<br>Respondent. )<br>)<br>) | Civil Case No. 21-2463 (RJL) |

## MEMORANDUM OPINION
June 28, 2022 [Dkt. # 12]

Petitioners Hydro Energy 1, S.à.r.l. and Hydroxana Sweden AB petitioned this Court to enforce an arbitral award issued against respondent Kingdom of Spain. Spain has moved to dismiss, or in the alternative, stay the proceedings until a pending annulment application is resolved. *See* Kingdom of Spain's Motion to Dismiss the Petition or Stay the Proceeding ("Mot. to Stay") [Dkt. # 12]. Because I find that a stay is warranted under these circumstances, I will **GRANT** Spain's motion to stay, **DENY WITHOUT PREJDICE** Spain's motion to dismiss, and **STAY** the proceedings.

## BACKGROUND

Petitioners, Swedish and Luxembourgian companies, invested in hydroelectric energy projects in Spain in reliance on certain financial incentives promised by Spain. Petition to Enforce Arbitral Award ("Petition") ¶ 8 [Dkt. # 1]. When Spain later rescinded those inducements, petitioners were harmed. *Id.* Relying on an arbitration provision in the

Energy Charter Treaty—to which Luxembourg, Spain, and Sweden are signatories—the companies then filed a request for arbitration with the International Centre for Settlement of Investment Disputes ("ICSID"). *Id.* at 14. Spain challenged the jurisdiction of the tribunal on the grounds that European Union ("EU") law precludes EU Member States—like Spain—from submitting disputes with EU companies—like petitioners—to arbitral tribunals. The ICSID tribunal rejected Spain's position and issued the award. *Id.* at 17. Spain then moved to revise, or set aside, that award. Finally, the companies filed this petition to enforce the award in this Court.

## DISCUSSION

Spain, a foreign state entitled to sovereign immunity under the Foreign Sovereign Immunity Act, challenged this Court's jurisdiction in its motion to dismiss. While this Court would typically address its jurisdiction as a threshold matter, it may address "certain non-merits, nonjurisdictional issues" as a preliminary matter. *Pub. Citizen v. U.S. Dist. Court for the Dist. of Columbia*, 486 F.3d 1342, 1348 (D.C. Cir. 2007). A motion to stay a motion to enforce an arbitral award is one such preliminary matter. *Telcordia Techs., Inc. v. Telkom SA, Ltd.*, 95 F. App'x 361, 362–63 (D.C. Cir. 2004).

The court's authority to stay proceedings stems from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In considering a motion to stay, courts must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33

2

(D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55) (internal quotation marks omitted); *see also LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 879–80 (D.C. Cir. 2021).

Having considered those factors, a stay is warranted here. Spain's petition to annul the award is pending, and, if successful, would obviate the need for further proceedings. In addition, enforcing the award now creates a risk of even more delay if it were later annulled. These considerations of economy strongly favor a stay. Nor would granting a stay unduly prejudice petitioners. If the award is ultimately confirmed, petitioners will be compensated for any delay in the form of interest calculated up to the date of payment. Petition ¶ 19. But enforcing the award prematurely could prejudice Spain, which would then be forced to endure yet more litigation to claw back any payment. *See Masdar Solar & Wind Cooperatief v. Kingdom of Spain*, 397 F. Supp. 3d 34, 40 (D.D.C. 2019).

Finally, the Court notes at least six similarly-situated petitioners have sought to enforce arbitral awards against Spain in this District. Each has been stayed. *See id.*; *InfraRed Env't Infrastructure GP Ltd. v. Kingdom of Spain*, No. CV 20-817 (JDB), 2021 WL 2665406, at *5 (D.D.C. June 29, 2021) (collecting cases). This Court will do the same.

## CONCLUSION

For the reasons noted above, the Court will **GRANT** Spain's motion to stay, **DENY WITHOUT PREJUDICE** Spain's motion to dismiss, and **STAY** the proceedings. A separate order consistent with this opinion shall issue on this date.

*[signature]*
RICHARD J. LEON
United States District Judge

3